Exhibit A

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

SUPERIOR COURT

*IRVING LEGAL*

*MAR 03 2010*

*DATE RECEIVED*

**JOHN A. MCLAUGHLIN**
**EILEEN E. MCLAUGHLIN**

**Vs**                                                    **CA NO. 09 10 - 0309**

**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS; AMERICAN BROKERS CONDUIT;**
**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**AS INDENTURE TRUSTEE FOR AMERICAN**
**HOME MORTGAGE INVESTMENT TRUST 2007-1,**
**MORTGAGE BACKED NOTES AND GRANTOR**
**TRUST CERTIFICATES, SERIES 2007-1**

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT PROVISIONS OF**
**§9-30-1, et. seq. of THE GENERAL LAWS OF THE STATE OF RHODE ISLAND**
**And TO QUIET TITLE TO THE SUBJECT PROPERTY PURSUANT TO**
**§34-16-1 et. Seq. of THE RHODE ISLAND GENERALS LAWS.**

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act**
**and as such fall within the jurisdiction of this Honorable Superior Court.**

**Parties**

1. John A. McLaughlin and Eileen E. McLaughlin ("McLaughlin") are residents of
the Town of North Providence, County of Providence, State of Rhode Island and
are owners of real property located at 49 Maplecrest Avenue, North Providence,
RI 02911.

2. MERS is Delaware Corporation, not authorized to do business in Rhode Island,
that allegedly simplifies the way mortgage ownership and servicing rights are
originated, sold and tracked.  It is not a lender or a servicer and is nothing more
than a mortgage placeholder allowing promissory notes to be sold without
complying with the General Laws of the State of Rhode Island.

3. American Brokers Conduit, ("American") based on information and belief was a
mortgage lender that that filed a Chapter 11 bankruptcy in 2008.  Its address was
6501 Irvine Center Drive, Irvine, CA 92618.

4. Deutsche Bank National Trust Company ("Deutsche") based on information and
belief, is a trustee of a securitized trust allegedly holding certain promissory notes.
It has an address of 1761 East St. Andrew Place, Santa Ana, CA 92705-4934.

## Jurisdiction

5. The amount in controversy is sufficient to invoke the jurisdiction of this Court.

6. The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

7. All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

8. This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

    a. The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant the Superior Court jurisdiction over questions of law and equity. The Plaintiff is asking this court to declare the foreclosure conducted on this property a legal nullity and order Deutsche Bank to deed the property back into McLaughlin.

    b. The provisions of the Declaratory Judgment Act, R.I.G.L. 9-30-1 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, powers of attorneys, and deed. Plaintiff asks that the foreclosure deed, the alleged assignments, and power of attorney, or lack thereof, and mortgage deed be declared invalid.

## Facts

9. McLaughlin purchased the property located at 49 Maplecrest Avenue, North Providence, Rhode Island 02911 on April 21, 1992.

10. McLaughlin executed a mortgage ("Exhibit 1") which he believed was to American and which identified the Lender as American on February 6, 2007.

11. The mortgage, at paragraph (C), named "MERS" ..... acting solely as the nominee for the Lender [American] and Lender's successors and assigns.

12. Rhode Island does not recognize a nominee as a valid estate pursuant to Title 34 of the Rhode Island Generals Laws.

13. The mortgage, in the next paragraph at paragraph (C) goes on to state, in contravention of the immediately preceding sentence, that "MERS is the mortgagee under this Security Instrument."

14. These two (2) sentences cannot be read together in a consistent manner

15. MERS is not licensed to conduct business in the State of Rhode Island.

16. MERS, by its own internal documents, admits that it is not a Lender and that it does not take payments.

17. MERS is not the lender regarding the above referenced transaction and further, by its own admission, is not a mortgage company.

18. At paragraph 22 of the Mortgage, entitled "Acceleration; Remedies." It states that "Lender *shall* [emphasis added] *give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.*

19. *If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.*" [emphasis added]

20. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

21. In this case, the Lender never complied with any of the provisions of paragraph 22 of the Mortgage and as a necessary result thereof, any alleged foreclosure on the subject property was flawed.

22. The fact that paragraph 22 of the mortgage was not complied with renders any foreclosure null and void.

23. On or about August 24, 2009, MERS, as "nominee for American Brokers Conduit allegedly "for good and valuable consideration", assigned the original Mortgage to Deutsche, "securing payment of a certain promissory note". (Exhibit 2)

24. MERS never held any alleged Note allegedly executed by McLaughlin and could not, therefore, assign the same to any party and a question exists as to the location and ownership of the note.

25. MERS by assigning the mortgage creates a disconnection between the alleged note and the mortgage making foreclosure by the alleged assignee a legal nullity and a void act. See *In Re Huggins* 35 Br. 180, 183 (Bankr. D. Mass. 2006 citing *Lamy*) (Exhibit 3)

26. MERS, if found to be a proper party to this action, assigned its rights as Nominee of American Brokers Conduit., and not as a Mortgagee, to Deutsche

27. MERS assigned nothing by way of the alleged assignment.

28. MERS did not, pursuant to the Laws of the State of Rhode Island, assign the instant Mortgage to Deutsche and Deutsche took nothing by way of this alleged assignment.

29. On or about October 1, 2009, Deutsche, pursuant to the invalid assignment referred to in paragraph 23 sent McLaughlin a Notice of Foreclosure.

30. Deutsche, not being the Lender, had no standing to Notice the Foreclosure on the instant property.

31. Deutsche was not the Lender as referred to in paragraph 22 of the instant mortgage referred to in paragraph 11.

32. The Notice of Intention to Foreclose was defective and of no legal significance due to the non-compliance with paragraph 22 of the mortgage.

33. On November 23, 2009, Deutsche, despite not being in compliance with the clearly stated language and requirements of the instant mortgage and despite having no legal standing to foreclosure, caused a Foreclosure auction to be occur allegedly conveying the property to Deutsche.

## COUNT I
## Declaratory Judgment

34. The Plaintiff hereby reincorporates paragraphs 1 – 33 as if they were fully articulated herein.

35. By virtue of these facts and the legal consequence thereof, the Foreclosure Deed to Deutsche Bank did not vest title in Deutsche Bank.

36. This property is owned by McLaughlin.

**WHEREFORE,** McLaughlin prays for the following relief:

a.    That judgment enters for him on his complaint regarding title to and ownership of the subject property that is subject of this complaint.

b.    That the Court find as a matter of law that the owner of this property is McLaughlin.

c.    Only plaintiff has marketable title pursuant to 34-13-1-1 et al.

d.    That the court or other trier of fact, order the defendants to pay the McLaughlin's damages which it deems appropriate.

e.    Declare that the conveyance is void pursuant to 34-11-1.

f.    That the assignments are void pursuant to 34-11-1 and 34-11-24

g.    That the acknowledgement is void pursuant to 34-12-1, et al.

h.    That the Court or other trier of fact award McLaughlin their costs, including a reasonable attorney's fee.

John A. McLaughlin
Eileen E. McLaughlin
By their Attorney,

George E. Babcock, Esquire #3747
23 Acorn Street
Providence, RI 02903
274-1905

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-5

37. The Plaintiff hereby realizes and reincorporates paragraphs 1 – 33 as if they were fully articulated herein.

38. The real estate as issue is located 49 Maplecrest Avenue, North Providence, RI, a residential home.  (For legal description see Exhibit      ).

39. Deutsche Bank claims to be the owner of the property pursuant to a foreclosure deed recorded in land evidence in the Town of North Providence, RI Town Hall. The address of Deutsche Bank is set forth hereinabove.

40. Deutsche Bank and McLaughlin both make claim to the fee simple interest in the aforesaid property.

41. McLaughlin purchased the property on April 1, 1992.

42. Deutsche Bank took a foreclosure auction November 23, 2009.

43. McLaughlin continues to live on the property and Deutsche is attempting to evict him from the property thus their interests in the property must be determined. (Exhibit 4)


**WHEREFORE**, McLaughlin prays for the following relief:

   a. That judgment enters for him on his complaint regarding title to and ownership of the subject property that is subject of this claim.
   b. That the Court find as a matter of law that the owner of this property is McLaughlin
   c. That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to McLaughlin.
   d. That the court or other trier of fact, order the defendants to pay the McLaughlin's damages which it deems appropriate.
   e. That the Court or other trier of fact award McLaughlin their costs, including a reasonable attorney's fee.

## VERIFICATION

I John A. McLaughlin do hereby swear and verify that the facts set forth above are true and accurate to the best of my knowledge.

*Eileen E. McLaughlin*
Eileen E. McLaughlin

Before me personally appeared Eric Noury and he acknowledged said document by him executed to be his free act and deed.

Notary Public

John A. McLaughlin
Eileen E. McLaughlin
By their Attorney,

George E. Babcock, Esquire  #3747
23 Acorn Street
Providence, RI  02903
274-1905

## CERTIFICATION

I hereby certify that I mailed a true and accurate copy of this answer and counterclaim to Nicholas Barrett Esq. 999 South Broadway, East Providence, RI 02914 on January ____, 2010.

George E. Babcock, Esquire

## VERIFICATION

I John A. McLaughlin do hereby swear and verify that the facts set forth above are true and accurate to the best of my knowledge.

_____
John A. McLaughlin


Before me personally appeared Eric Noury and he acknowledged said document by him executed to be his free act and deed.

_____
Notary Public

John A. McLaughlin
Eileen E. McLaughlin
By their Attorney,


_____
George E. Babcock, Esquire  #3747
23 Acorn Street
Providence, RI  02903
274-1905


## CERTIFICATION

I hereby certify that I mailed a true and accurate copy of this answer and counterclaim to Nicholas Barrett Esq. 999 South Broadway, East Providence, RI 02914 on January ____, 2010.

_____
George E. Babcock, Esquire