UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Toni Zarra
John A. McLaughlin, et al.
Mark R. Beaudoin
Donna O'Hern
Nicole Iadimarco
Julio Fonseca, et al.
Hour M. Houey

|  |  |
|---|---|
|  | Civil No. 10-cv-162-JNL |
|  | Civil No. 10-cv-123-JNL |
|  | Civil No. 10-cv-193-JNL |
| v. | Civil No. 10-cv-195-JNL |
|  | Civil No. 10-cv-440-JNL |
|  | Civil No. 10-cv-468-JNL |
|  | Civil No. 10-cv-483-JNL |

Mortgage Electronic Registration
Systems, Inc., et al.

**PROCEDURAL ORDER**

After holding a conference call with the parties on March 11, 2011, this court makes the following procedural rulings:

**Pending motions to dismiss**.  These consolidated cases, transferred to this court from the District of Rhode Island, raise questions about the authority of defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and its assignees to foreclose on the plaintiffs' homes under Rhode Island law. There is a case currently pending before the Rhode Island Supreme Court that raises essentially the same issue.  See Bucci v. Lehman Bros. Bank, No. PC-2009-3888, 2009 WL 3328373, 2009 R.I. LEXIS 110 (R.I. Super. Ct. Aug. 25, 2009), on appeal, No. 2010-146 (R.I.).  Since that court is the final authority on Rhode

Island law, and since the ruling in Bucci is likely to be dispositive of these cases, this court believes that it is more prudent to wait for the Bucci ruling than to hazard a guess as to what it will be.

The defendants' pending motions to dismiss[1] under Federal Rule of Civil Procedure 12(b)(6) are therefore DENIED without prejudice to being reinstated upon request after the Rhode Island Supreme Court issues its ruling in Bucci.  The parties shall notify this court immediately upon learning that a ruling has issued, or if there is any material change in the status of that case, including its briefing and oral argument schedule.

**Discovery**.  In the meantime, the parties shall proceed with discovery, so that the cases will be in a position to move expeditiously to summary judgment and/or trial, if necessary, after the Bucci ruling.  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the

---

[1] Document no. 17 in Zarra, document no. 10 in McLaughlin, document no. 11 in Beaudoin, document no. 12 in O'Hern, documents no. 8 and 17 in Iadimarco, document no. 3 in Fonseca, and documents no. 5 and 10 in Houey.  Document no. 8 in Houey, which is a motion to extend time for briefing, is DENIED as moot.

court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the Magistrate Judge.  Such referral requests will normally be granted.  If the Magistrate Judge is recused, alternate arrangements will be made.

**Iadimarco**.  During the recent conference call, counsel for defendants PNC Mortgage and National City Mortgage ("PNC") argued that the Iadimarco case is factually and legally "unique" and therefore might not warrant the same treatment as the other consolidated cases.  PNC is accordingly ordered to show cause, in writing on or before **March 25, 2011,** for de-consolidating the Iadimarco case from the others and/or reinstating PNC's motion to dismiss and resolving it without waiting for the ruling in Bucci.  PNC shall specifically address whether, or the extent to which, the issue in Bucci has or may have any bearing on its motion.  Iadimarco may, but is not required to, respond to PNC's submission by **April 8, 2011.**  Each party is allotted up to 10 pages for its submission.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 15, 2011

cc:   George E. Babcock, Esq.
      Corey J. Allard, Esq.
      Brian S. Grossman, Esq.
      Donald M. Rosen, Esq.
      Patricia B. Buckley, Esq.
      Michael B. Doherty, Esq.